IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BRIAN KEITH MAXWELL, | ) |
| Petitioner, | ) |
| v. | ) CV 314-041 |
| BRAD HOOKS, Warden, and HON. DEBRAE C. KENNEDY, Attorney General, | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate currently incarcerated at Johnson State Prison in Wrightsville, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2241. For the reasons set for below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.[1]

**I. BACKGROUND**

Petitioner commenced this action in the Northern District of Georgia, challenging both his convictions in Newton County, Georgia and a detainer filed in Walton County, Georgia. (Doc. no. 1.) Because Petitioner did not pay the requisite filing fee or move for permission to proceed *in forma pauperis* ("IFP"), and because the original petition was unclear as to his claims, United States Magistrate Judge Janet F. King ordered Petitioner to pay the filing fee and file an amended petition. (Doc. no. 2.) Petitioner filed an amended petition, but did not clarify his claims therein. (See doc. no. 4.) He also

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing Respondents to file a response to the instant petition. 28 U.S.C. § 2243.

requested an extension to pay the filing fee, which was granted. (Doc. nos. 5, 6.) When the allotted time passed and Petitioner still failed to pay the filing fee, Magistrate Judge King recommended dismissal of Petitioner's case as to his challenge to the Newton County convictions for failure to comply with a court order. (Doc. no. 7.) Magistrate Judge King simultaneously transferred Petitioner's remaining challenge to the Walton County detainer to this District because Petitioner is incarcerated in Johnson County in the Dublin Division, and only this District has jurisdiction.[2] (See doc. nos. 9, 10.)

As explained above, at the time the case transferred to this District, Petitioner had not paid the $5.00 filing fee or moved to proceed IFP. In order to properly commence a § 2241 action, Petitioner must either pay the $5.00 or move to proceed IFP. Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00).

Furthermore, Magistrate Judge King previously ordered Petitioner to amend his petition to clarify his claims, because "[i]n addition to stating that his April 2010 Newton County convictions are based on an involuntary guilty plea, Petitioner also complains about an alleged Walton County detainer, certain parole or probation revocations, and the calculation of his sentence." (Doc. no. 2, p. 2.) However, Petitioner failed to clarify his claims in the amended petition, although Petitioner did provide some details about his underlying criminal proceedings in a simultaneous filing that Magistrate Judge King construed as a brief in support of the habeas petition. (See doc. nos. 4, 5.) Because the nature of Petitioner's challenge and the relief sought remained unclear, on May 27, 2014,

---

[2]A § 2241 petition is properly filed "in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); 28 U.S.C. § 2241(d).

the Court ordered Petitioner to submit a second amended § 2241 petition regarding only his challenge to the Walton County detainer. (See doc. no. 12.) The Court also ordered Petitioner to either pay the $5.00 filing fee or submit an IFP motion. (Id.) Petitioner was warned that failure to comply would result in dismissal of this case without prejudice. (Id.) Petitioner has not responded to the Court's Order.

II. DISCUSSION

    A. **The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.**

The exact nature of Petitioner's claim for federal habeas relief is not clear because he failed to submit an amended petition. However, reading his last petition filed in the Northern District, together with the brief in support, it appears as though Petitioner is asking the federal courts to grant him a request for a speedy trial and/or a judgment of acquittal on his pending charges for hunting out of season in Walton County, Georgia. (See generally doc. nos. 4, 5.) Indeed, he appears to recognize that his request is properly made to the Superior Court of Walton County under O.C.G.A. § 17-7-170, but he does not think that the Superior Court Judge will grant him the relief he seeks.[3] (See doc. no. 5, p. 2.) Thus, he asks the federal

---

[3]In relevant part, O.C.G.A. § 17-7-170 provides:

> (a) Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; . . . A demand for speedy trial filed pursuant to this Code section shall be filed as a separate, distinct, and individual document and . . . shall clearly be titled "Demand for Speedy Trial"; reference this Code section with the pleading . . . .
>
> (b) If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter . . . the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation . . . .

3

courts to rule on his request. (Id. at 3.)

A pretrial petition for habeas corpus relief by a state prisoner is properly filed pursuant to 28 U.S.C. § 2241. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261-62 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention, for example, might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only.") Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), case law counsels that federal courts should not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[4]). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Id. (citation omitted).

Here, Petitioner does not allege that he has invoked any state court remedies. To

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the contrary, as explained above, he appears to recognize that his request for a speedy trial should be filed with the Superior Court Judge of Walton County where the charges for hunting out of season are pending. (See doc. no. 5, p. 2.) Nothing in Petitioner's filings suggests that he has been prevented from asserting his current claims in a state court proceeding. Indeed, O.C.G.A. § 17-7-170 provides the procedure for raising Petitioner's speedy trial claims in the courts of the State of Georgia, and the Georgia courts routinely handle such requests. See, e.g., Williamson v. State, 758 S.E.2d 790, 792 (Ga. 2014). As Petitioner has not exhausted available state court remedies, his claims in his federal habeas corpus petition should be dismissed without prejudice so that he can first give the state courts an opportunity to address his claims.

    **B.    The Petition Also Should Be Dismissed Because Petitioner Failed to Comply with the Court's Order to File an Amended Petition.**

As described above, the Court ordered Petitioner to file a second amended § 2241 petition regarding only his challenge to the Walton County detainer, as well as pay the $5.00 filing fee or submit an IFP motion. (See doc. no. 12.) The Court stressed the importance of Petitioner's compliance, warning him that failure to comply would result in dismissal of this case without prejudice. (Id. at 4.) Nevertheless, Petitioner has not submitted a second amended petition, paid the filing fee, or moved to proceed IFP. A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) (*per curiam*) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff/petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"); Heard v. Nix, 170 F. App'x 618, 619 (11th Cir. 2006) (*per curiam*) (affirming dismissal with prejudice under Rule 41.3 and Federal Rule of Civil Procedure 41(b) for pattern of delay in failing to comply with district court's order).

Thus, even if Petitioner had exhausted state remedies, which he has not, his case is also subject to dismissal for failure to comply with the Court's May 27, 2014 Order.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of August, 2014, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA